IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JANET JOYNER and<br>CONSTANCE LYNN BLACKMON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:07CV243 |
| FORSYTH COUNTY, NORTH CAROLINA, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on a Recommendation of the United States Magistrate Judge [Doc. #95], which was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties on November 9, 2009. Defendant filed timely Objections, and Plaintiffs filed a Response to the Objections. The Court has now reviewed the Recommendation, the Objections, the Response, and the undisputed record, and the Court has made a *de novo* determination which is in accord with the Magistrate Judge's Recommendation. The Court therefore adopts the Magistrate Judge's Recommendation and concludes that Plaintiffs' Motion for Summary Judgment should be granted and Defendant's Motion for Summary Judgment should be denied.

In reaching this conclusion, the Court emphasizes that the Constitution of the United States fiercely protects the rights of citizens to engage in prayer according to the dictates of their own consciences, and "[i]n private observances, the faithful surely choose to express the unique aspects of their creeds." Simpson v. Chesterfield County Board of Supervisors, 404 F.3d 276,

287 (4th Cir. 2005). This Court honors and respects those rights that all citizens share to express their religious beliefs freely and to pray in the manner that each believer by his or her own faith may be led. However, the present case does not involve any infringement of the private rights of citizens to Free Speech or Free Exercise of Religion.[1] Instead, this case involves only the sole question of whether the Government has endorsed a particular belief or faith in violation of the Establishment Clause.

The Supreme Court has recognized that "legislative prayers" which open or solemnize Government meetings such as the meetings of the Forsyth County Board of Commissioners are part of a rich history and tradition in this country and are constitutional. See Marsh v. Chambers, 463 U.S. 783, 103 S. Ct. 3330, 77 L. Ed. 2d 1019 (1983). However, the Supreme Court has also emphasized that such legislative prayers must not advance a particular faith or belief, because to do so would have the effect of affiliating the Government with that particular faith or belief in violation of the Establishment Clause. See id.; County of Allegheny v. American Civil Liberties Union, 492 U.S. 573, 109 S. Ct. 3086, 106 L. Ed. 2d 472 (1989). In this regard, the Court of Appeals for the Fourth Circuit has noted that "repeated invocation of the tenets of a single faith undermine[s] our commitment to participation by persons of all faiths in public life. For ours is a diverse nation not only in matters of secular viewpoint but also in matters of religious adherence. Advancing one specific creed at the outset of each public

---

[1] In this regard, for the reasons set out in the Recommendation, this Court specifically rejects Defendant's contention that the "legislative prayers" at issue in this case should be viewed as private speech. See Turner v. City Council of City of Fredericksburg, Virginia, 534 F.3d 352, 355 (4th Cir. 2008); Simpson v. Chesterfield County Board of Supervisors, 404 F.3d 276, 288 (4th Cir. 2005).

2

meeting runs counter to the credo of American pluralism and discourages the diverse views on which our democracy depends." Simpson v. Chesterfield County Board of Supervisors, 404 F.3d 276, 283 (4th Cir. 2005). Thus, "[w]hen we gather as Americans, we do not abandon all expressions of religious faith. Instead, our expressions evoke common and inclusive themes and forswear . . . the forbidding character of sectarian invocations." Id. at 287.

In considering these principles in the present case, the Magistrate Judge conducted a thorough review of the undisputed record and concluded that the prayers offered before the meetings of the Forsyth County Board of Commissioners advance one particular faith or belief and thus have the effect of affiliating the Board of Commissioners with that particular faith or belief in violation of the Establishment Clause. This Court has conducted a *de novo* review of the whole record, including the prayers contained therein, and the Court agrees with and adopts the Magistrate Judge's determination.[2] In making this determination, the Court concludes that the invocation Policy, as implemented, has resulted in Government-sponsored prayers that advance a specific faith or belief and have the effect of affiliating the Government with that particular faith or belief. The Court further concludes that there are no genuine issues of material fact with respect to this determination. Therefore, for the reasons set out in the Recommendation,

---

[2] The Court notes that the content of the prayers must be considered in making this determination, and even the Eleventh Circuit case cited by Defendant involved an evaluation of the content of the prayers in that case to determine whether the prayers had the effect of advancing a particular faith or belief. See Pelphrey v. Cobb County, Georgia, 547 F.3d 1263, 1277-78 (11th Cir. 2008) (considering the "diverse references" in the prayers to determine whether the prayers advanced a single faith). Moreover, as noted by the Magistrate Judge, this Court must follow the precedent established by the Court of Appeals for the Fourth Circuit, not the Eleventh Circuit. To the extent that Defendant contends that the Fourth Circuit's decisions should be revised or reinterpreted, those matters are reserved to the Fourth Circuit itself.

Plaintiffs' Motion for Summary Judgment will be granted and the Court will enter a Declaratory Judgment declaring that the invocation Policy of the Forsyth County Board of Commissioners, as implemented, violates the Establishment Clause of the Constitution.

Having so concluded, the Court notes that going forward, several options remain open to the Forsyth County Board of Commissions. First, the Board of Commissioners could choose not to open meetings with prayer. Second, the Board of Commissioners could choose to open their meetings with non-sectarian prayers. Cf. Turner v. City Council of City of Fredericksburg, Virginia, 534 F.3d 352, 356 (4th Cir. 2008) (upholding the decision of a city council to "provide only nonsectarian legislative prayers"). Such non-sectarian prayers could be offered by one of the commissioners, or by a designated individual or rotating individuals who agree to offer non-sectarian prayers that do not undermine "our commitment to participation by persons of all faiths in public life" and instead "evoke common and inclusive themes." Simpson v. Chesterfield County Board of Supervisors, 404 F.3d 276, 283-87 (4th Cir. 2005). Finally, the Court notes that the Court of Appeals for the Fourth Circuit has left open the question of whether other types of legislative prayer may be constitutional, if other elements of diversity and inclusiveness are affirmatively established. See Turner, 534 F.3d at 356 (noting that varieties of legislative prayer have been found to be constitutional, where "they recognized the rich religious heritage of our country in a fashion that was designed to include members of the community, rather than to proselytize"); Simpson, 404 F.3d at 285 (upholding policy that "not only sought but achieved diversity"). However, in the present case, as discussed at length in the Recommendation, the prayers offered in the implementation of the Policy here did not reflect

4

diversity and inclusiveness, and instead were divisive and had the effect of affiliating the Government with one particular belief. This Court must address the facts before it in this case, not every possible scenario that could be presented, and based on those facts that have been presented, the Court has concluded that the Policy, as implemented, violates the Establishment Clause. As such, Plaintiffs' Motion for Summary Judgment will be granted and Defendant's Motion for Summary Judgment will be denied. Consistent with the Recommendation, the Court further concludes that Plaintiffs may pursue nominal damages, attorney's fees, and costs from the Defendant under 42 U.S.C. § 1988 pursuant to the procedure set out in Local Rule 54.2.

IT IS THEREFORE ORDERED that the Recommendation of the Magistrate Judge is AFFIRMED AND ADOPTED and Plaintiffs' Motion for Summary Judgment [Doc. # 63] is GRANTED. IT IS DECLARED that Defendant's invocation Policy, as implemented, violates the Establishment Clause of the Constitution, and Defendant is ENJOINED from continuing the Policy as it is now implemented. IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Doc. #79] is DENIED. FINALLY, IT IS ORDERED that Plaintiffs may pursue nominal damages, attorney's fees, and costs under 42 U.S.C. § 1988 pursuant to the procedure set out in Local Rule 54.2.

This, the 28th day of January, 2010.

_____
United States District Judge